UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLARENCE BURTON PARSLEY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00006-JPH-MG |
| | ) |
| HOLCOMB Lt., | ) |
| I. RANDOLPH, | ) |
| M. ELLIS, | ) |
| TAWNI TEMPLETON, | ) |
| T. WELLINGTON, | ) |
| S. CRICHFIELD, | ) |
| REED, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff, Clarence Parsley, has filed a motion for assistance recruiting counsel. Dkt. 36. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion to be used by indigent litigants seeking the appointment of counsel. The form requests the information necessary for the Court to make a determination on the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel. Plaintiff's motion, dkt. [36], is **denied without prejudice** because it provides neither sufficient information to make a determination on the merits, nor an acknowledgement of the conditions of the appointment of counsel. For example, it does not address Plaintiff's educational history, litigation experience, or any medical limitations he may have. The **clerk is directed** to attach the Court's

form motion for assistance recruiting counsel to Plaintiff's copy of this Order. Plaintiff may renew his motion for the appointment of counsel on that form.

**SO ORDERED.**

Date: 2/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CLARENCE BURTON PARSLEY, III
A825-003
SOUTHERN OHIO CORRECTIONAL FACILITY
1724 OH-728
P.O. Box 45699
Inmate Mail/Parcels
Lucasville, OH 45699